37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald P. DOWNEY, Petitioner-Appellant,
v.
Bobby BOONE; Attorney General for the State of Oklahoma,
Respondents-Appellees.
 No. 94-6121.
 United States Court of Appeals, Tenth Circuit.
 Oct. 14, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Donald Paul Downey was convicted of first degree murder in the District Court of Oklahoma County. Case No. CRF-86-327. Downey appealed his conviction, raising insufficient evidence to sustain a first degree murder conviction as the only grounds for appeal. The Oklahoma Court of Criminal Appeals affirmed Downey's conviction. Case No. F-87-830. Downey then sought federal habeas corpus relief, pursuant to 28 U.S.C. 2254, again raising insufficiency of evidence as the sole basis for relief. The District Court for the Western District of Oklahoma, on recommendation of a federal magistrate, denied Downey's petition for a writ of habeas corpus and his motion for a certificate of probable cause. Downey appeals. We grant the certificate of probable cause but affirm the district court's dismissal of his habeas corpus petition.
 
 
 3
 We review de novo the question of whether evidence is sufficient to sustain a conviction. Kelly v. Roberts, 998 F.2d 802, 807 (10th Cir.1993). In assessing Downey's claim, we may not weigh conflicting evidence or consider the credibility of witnesses. Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir.1993) (citing United States v. Davis, 965 F.2d 804, 811 (10th Cir.1992), cert. denied, 113 S.Ct. 1255 (1993)). We must view the evidence "in the light most favorable to the prosecution" to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 4
 Downey claims insufficient evidence to support a conviction for first degree murder. The relevant Oklahoma statute defines first degree murder as killing another with "malice aforethought" or "deliberate intention." Okla. Stat. tit. 21, 701.7(A) (1981). The sole question on appeal is sufficiency of evidence to find the requisite premeditation for first degree murder.
 
 
 5
 The record shows that on the night of August 23, 1986, in the home of Mr. Emerson, Mr. Downey and the victim were embroiled in an argument over "money and dope." (Tr. 34) Mr. Downey left the scene of the argument and exited the house. (Tr. 35-37) A visitor saw Mr. Downey outside with a semiautomatic rifle. (Tr. 38-39) Mr. Downey told the visitor, "[N]obody's going to hit me like that and get away with it." (Tr. 43)
 
 
 6
 Soon thereafter, two loud bangs awakened the next-door neighbors. (Tr. 66) They then heard a male voice yelling, "[H]ave you had enough" (Tr. 68) and "[Y]ou're dead now." (Tr. 69). After seeing a man and woman leave the Emerson home, they heard the bolt action of a gun and a male voice say "[P]ut it over there where it can't be seen." (Tr. 71-72) The neighbors then saw the man and woman walk toward the creek behind the house. (Tr. 72)
 
 
 7
 Another visitor then arrived at the Emerson home. (Tr. 90) Before entering the house, however, the visitor ran into Mr. Downey with a gun in hand. (Tr. 92-93) Mr. Downey, who was visibly nervous (Tr. 95), told the visitor that he had just killed a squirrel. (Tr. 94)
 
 
 8
 The victim's body was found, wrapped in carpet, burning in a creek. (Tr. 20-22) The hallway carpet was missing from the Emerson home. (Tr. 115) The victim was severely beaten in the head (Tr. 209), but died from a gunshot wound to the back. (Tr. 209) A ballistics expert testified that a semiautomatic weapon, like the one that Mr. Downey used the evening of August 23, 1986, inflicted the wounds. (Tr. 235, 239) The victim was severely beaten in the head before Downey fatally shot him. (Tr. 209)
 
 
 9
 Viewing the evidence in the light most favorable to the government, we conclude that a rational trier of fact could have found the "malice aforethought" or "deliberate intention" necessary to sustain a conviction for first degree murder. Therefore, we AFFIRM the district court's denial of the writ of habeas corpus.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470